108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sidney H. McDONALD, Petitioner-Appellant,
v.
Chris GORMAN, Attorney General Commonwealth of Kentucky,
Respondent-Appellee.
 No. 96-5499.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1997.
 
 E.D.Ky., No. 95-00063; Karl S. Forester, Judge.
 E.D.Ky.
 AFFIRMED.
 Before: KEITH, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Sidney H. McDonald appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Fayette County, Kentucky, Circuit Court in 1979, petitioner was convicted of first-degree robbery, second-degree assault, and of being a second-degree persistent felony offender. Petitioner was sentenced to 20 years of imprisonment for the robbery conviction to be served consecutively to 10 years of imprisonment for the assault conviction. Although petitioner filed no direct criminal appeal, petitioner filed a motion in the trial court to vacate his convictions or for a belated appeal pursuant to Ky.R.Crim.P. 11.42 in 1980, which the trial court denied.
 
 
 3
 In 1992, petitioner filed a motion for relief from judgment in the trial court pursuant to Ky.R.Civ.P. 60.03, alleging that his conviction and sentencing for both robbery and assault constitute double jeopardy. The trial court denied the motion as not properly brought under Ky.R.Civ.P. 60.03, and the Kentucky Court of Appeals affirmed that judgment. The Kentucky Supreme Court denied petitioner's motion for discretionary review.
 
 
 4
 Next, petitioner filed the instant habeas petition reiterating his contention that his conviction and sentencing for both robbery and assault constitute double jeopardy. The state responded in opposition, and petitioner submitted a reply. The magistrate judge recommended that the petition be denied, and petitioner filed objections. The district court adopted the magistrate judge's recommendation and dismissed the petition, but granted petitioner a certificate of probable cause to appeal. This timely appeal followed.
 
 
 5
 On appeal, petitioner reiterates his double jeopardy claim. Respondent has notified the court that he does not intend to file a brief on appeal unless directed to do so by the court. Upon consideration, the judgment is affirmed for the reasons stated in the magistrate judge's proposed findings of fact and recommendation filed December 21, 1995, and in the district court's opinion and order filed April 1, 1996. Essentially, petitioner's contention that his double jeopardy rights were violated by his conviction and punishment for both first-degree robbery and second-degree assault is without merit. See United States v. Dixon, 509 U.S. 688, 696 (1993); Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.